Per Curiam.

Although it is difficult to determine from its journal entry the basis of the finding of the Court of Appeals in the habeas corpus action, it is apparently considered by both parties hereto that the basis was the failure of the trial judge to sign the journal entries. Belator, in his brief, says: “The only argument advanced to the Court of Appeals was that the judgment Avas allegedly defective because a written entry of sentence was not signed by the trial judge.” And respondent, in his brief, says: “If the Court of Appeals was right in holding that a journal entry in a criminal case must be signed by the trial judge * # *.”
It is argued by relator that, if failure to sign the entry constituted error, it Avas such an error that could be complained of only on appeal and could not be later made the basis for a discharge in habeas corpus, and that, therefore, the Court of Appeals had no jurisdiction to order such discharge. Unquestionably, the action of the Court of Appeals in- ordering the discharge would have been subject to review, but no appeal from such order was made by the Attorney General. Belator then argues that since he was not a party to the habeas corpus *54 proceeding and had no right to appeal from the judgment of discharge he has no adequate remedy at law and must resort to this action in prohibition.
The majority of this court, however, is of the opinion that relator is adequately protected by a remedy in the ordinary course of the law and need not resort to the extraordinary remedy of prohibition.
The respondent in the habeas corpus proceeding, as a part of his return, would necessarily present as his justification for holding the prisoner the certificate of commitment from the clerk of courts. It is stipulated by the parties herein that this certificate constituted the “commitment papers.” It could have been prepared by the clerk on October 25, 1950, only as a result of the order of Judge Clifford made on October 18 and journalized on October 20. The “entry of commitment” referred to by the Court of Appeals, therefore, must have been the entry of October 20 and the certificate of commitment of October 25.
It is apparent that the Court of Appeals in the habeas corpus proceeding was in no way concerned with the entry of October 28, 1950, which journalized the overruling of the motion for a new trial, because that entry would not and could not be the basis for the holding of the prisoner by the warden.
It would appear reasonable that when the matter again came to the attention of the Common Pleas Court after the judgment of discharge in habeas corpus, it might have prepared a new certificate of commitment based on the entry of October 28. In any event, it is difficult to see how it can again pass on the motion for new trial which had previously been overruled and which overruling had been reviewed and affirmed by the Court of Appeals.
However, if there is an error in again passing on the motion for a new trial, it will be only an error. The Common Pleas Court certainly has jurisdiction to act, and, therefore, to act erroneously. If it commits error in again passing on the motion for new trial, such error might constitute a technical abuse of discretion which could be made the subject of an appeal by the relator to the Court of Appeals from the judgment of the Common Pleas Court sustaining a motion for a new trial. Heidtman v. City of Shaker Heights, 163 Ohio St., 109, 121, 126 *55 N. E. (2d), 138. See, also, concurring opinion by Taft, J., in Lehman v. Haynam, 164 Ohio St., 595, 602, 133 N. E. (2d), 97.
It has been suggested that this court should deny to the Court of Appeals any jurisdiction in 1956 to interfere with what that same court did in 1950. It appears to the majority of the court, however, to be the more orderly process first to let the Court of Appeals, where most of the difficulties in this case originated, pass on the question, if it arises, of whether it would be error now in sustaining a motion for a new trial. This court could then review the judgment of the Court of Appeals on that question if it should appear to be erroneous.
Since we are of the opinion that relator has an adequate remedy in the ordinary course of the law, the application for a writ of prohibition is denied.

Writ denied.

Zimmerman, Stewart, Bell and Taet, JJ., concur.
Weygandt, C. J., Matthias and Herbert, JJ., dissent.